W. P. YOUNG et al. d.b.a. YOUNG BROTHERS ORCHARDS vs. JOSEPH CONNETTI.

JUNE 22, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of the case in assumpsit which was heard in the superior court by a justice thereof sitting without a jury. He rendered a decision for the plaintiffs in the sum of $1,055.60 and the defendant has duly prosecuted his bill of exceptions to this court.

The plaintiffs' declaration contains a book account, a count for goods, wares and merchandise sold and delivered by them to the defendant, and the common counts. The defendant pleaded the general issue and in particular relied on the defense of payment. The only exception briefed and argued by him is to the decision. His other exceptions are therefore deemed to have been waived. It is his contention that the decision was erroneous because (1) the trial justice misconceived the basis of the plaintiffs' action; and (2) on all the evidence his decision failed to do justice between the parties.

It appears from the evidence that the parties had satisfactory business dealings in 1947. Prior to the year 1948 plaintiffs, who were apple growers in the state of Connecticut, agreed with defendant, who operated a farm in the town of Smithfield in this state, to furnish him with approximately 5,000 bushels of Baldwin apples during the period between January and May 1948, defendant having a customer for such apples. Defendant does not question the price charged by plaintiffs, namely, $1.45 per box, nor does he question the fact that he received all the boxes for which he was charged. The evidence shows that the apples were not delivered in Smithfield but that defendant sent his truck to the storage warehouse in Connecticut where the apples were kept, and that the truck was there loaded with the

proper number of boxes and driven back to Smithfield. Defendant himself made the trip to Connecticut only a few times, the truck ordinarily being driven by his son, who at times was accompanied by an employee of defendant.

Evidence on behalf of plaintiffs tended to show that in respect to payments it was the practice of defendant to be "about two loads behind all the time." One of the plaintiffs testified: "He would take two loads; when he came for the third or perhaps the fourth, then he'd pay for two loads." Such payments would be made sometimes in cash and at other times by check. However, no difficulty arose between the parties until some appreciable time after the apples in question had all been delivered and plaintiffs had claimed that the last four deliveries had not been paid for by defendant. These were made on March 26, March 31, April 12 and April 15, 1948 respectively, and each delivery contained 182 boxes valued at $263.90, a total of $1,055.60.

Defendant's contention that the trial justice misconceived the basis of plaintiffs' action and that his decision therefore is not entitled to the weight ordinarily accorded such a decision apparently rests upon the fact that in deciding the case from the bench the remarks of the trial justice were rather brief and he did not review the evidence in detail. We have examined the decision and do not agree with defendant's contention. It is clear that the trial justice fully understood and realized that plaintiffs' case was on book account and for goods sold and delivered.

In support of their claim plaintiffs put in evidence ledger sheets from their loose-leaf ledger system and also introduced oral evidence as to payments, deliveries and their method of doing business. The comment of the trial justice, in substance, that their system of bookkeeping was not very satisfactory does not imply that he ignored the book account, nor is it a bar to plaintiffs' recovery. Possibly his statement to that effect was because the loose-leaf ledger was apparently kept more or less chronologically and not with a page

for each individual customer. Furthermore the fact that in his decision the trial justice placed some emphasis on a writing signed by defendant which was in the nature of an admission of liability does not indicate that he misconceived the basis of plaintiffs' case. He was entitled to consider that evidence under the count for goods sold and delivered.

Such writing, marked plaintiffs' exhibit C, appears at the end of one of their sales slips and reads as follows: "Conetti promises to pay $263.90 on March 15, 1949 ballance [sic] due on Sept. 1, 1949 of 781.70 Joseph Connetti." Defendant admitted signing this slip, stating in explanation that he trusted the plaintiffs and that the parties expected to get together later and determine how much was actually owed. Plaintiffs' testimony was to the general effect that there was no understanding that the parties were to meet thereafter; that the figure of $263.90 was to cover a dishonored check which had been sent to plaintiffs; that when such amount was not paid by March 15, 1949 the instant case was begun in June of that year; and that the figure of $781.70, because of a mistake in multiplication, should have been $791.70.

Upon consideration we are of the opinion that defendant's argument that the decision fails to do justice between the parties and is clearly wrong is not sound. On the conflicting testimony the case was peculiarly one in which the weighing of the evidence and the passing upon the credibility of the witnesses was of importance. In performing that duty the trial justice who saw and heard them testify had an advantage over this court.

Defendant's chief contention, which was not accepted by the trial justice, was that plaintiffs' claim had in substance been paid. Testimony was submitted on defendant's behalf that on February 15, 1948 he made a cash payment of $495.90 and that on the next day he paid a like amount by check. Plaintiffs admitted the latter payment but denied receiving the cash. Furthermore, defendant submitted tes-

timony that practically the same situation existed under date of March 10, 1948 when two payments were allegedly made, each for $540.84, one by check and the other by cash. As in the previous instance, plaintiffs admitted the payment by check but denied the one by cash. Defendant attempted to support his position on this point by introducing in evidence sales slips received from the plaintiffs and certain canceled checks, but it appeared that he had made self-serving entries thereon and consequently the trial justice refused to credit defendant's contention. In the circumstances we find no reason to disturb his decision. *Middleton* v. *Wilcox,* 74 R. I. 452. Defendant's exception to the decision is therefore without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Francis J. O'Brien,* for plaintiff.

*Irving Brodsky,* for defendant.